IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART, <br><br> Defendant. | 8:20CV432 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff filed her Complaint on October 16, 2020. (Filing 1.) She has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff seeks to recover $2 million in damages because she "was seeking out U.S. Embassy for beeing wrongfully imprisioned for trying to report a crime and bullied by Iowa police." (Filing 1 at 4 (spelling as in original).)

II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, she is asserting a tort claim of some sort. Despite being instructed to do so, Plaintiff has failed to state facts showing that she is entitled to damages and showing how Defendant was involved and caused her harm, including the dates and places of that involvement. (Filing 1 at 4.) Because Plaintiff does not describe how, when, and where she was injured, no plausible claim for relief is stated.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow an amended complaint to be filed within 30 days, in which event the court will conduct another initial review. If an amended complaint is not filed within 30 days, this action will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a claim upon which relief may be granted.

**Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.**

2. The clerk of the court is directed to set the following pro se case management deadline: "November 23, 2020: check for amended complaint."

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge